In the Matter of LAWRENCE M. WEINER, an Attorney, Respondent. SOLOMON A. KLEIN, Petitioner.— Respondent is an attorney admitted to the Bar on March 16, 1966. One Gary H. Friedenberg, a friend of respondent, was admitted to the Bar on December 15, 1965. In this proceeding to discipline respondent, the petition alleges that: (1) Between December 21, 1965 and March 16, 1966 respondent practiced law without being admitted to the Bar; (2) In 1966 and 1967 respondent filed 12 statements of retainer, each purportedly signed by Friedenberg, each stating that Friedenberg had been retained by claimants in personal injury actions, when in fact Friedenberg did not know the claimants, had not been retained by the claimants and had not authorized respondent to sign Friedenberg's name to the statements of retainer; (3) On January 24, 1966 respondent commenced an action in the Civil Court, Kings County, on behalf of one Griemsman, with the name Friedenberg as attorney for plaintiff, without authorization from Friedenberg; on July 20, 1966 respondent signed Friedenberg's name as indorser to a check in settlement of the action,

without Friedenberg's knowledge or consent, and thereafter received the proceeds for his use and benefit; (4) On January 19, 1966 respondent commenced an action in the Civil Court, Kings County, on behalf of plaintiffs Green and Ladson with the name Friedenberg as attorney for plaintiffs, without authorization from Friedenberg; on June 8, 1966 respondent signed Friedenberg's name to an affirmation as purported attorney for the Ladson infant plaintiffs in support of an application for approval of the compromise of their claim and for an allowance for services on behalf of the Ladson infants, when Friedenberg had not been retained and had rendered no services; on June 17, 1966 and June 22, 1966 respondent signed Friedenberg's name as indorser to two checks in settlement of the aforesaid actions and thereafter received the proceeds for his use and benefit; (5) On January 28, 1966 respondent commenced an action in the Civil Court, Kings County, on behalf of plaintiff Allen with the name Friedenberg as attorney for plaintiff, without authoriaztion from Friedenberg; (6) On April 17, 1967, respondent served a bill of particulars and on May 23, 1967 respondent executed a stipulation of discontinuance in an action wherein respondent and Friedenberg appeared to be attorneys for plaintiff, without the knowledge or consent of Friedenberg; (7) On October 21, 1966 respondent commenced an action in the Civil Court, Kings County, on behalf of plaintiff Cozzolino, with the name of Friedenberg as attorney for plaintiff, without authorization from Friedenberg; on November 22, 1966 respondent signed the name of Friedenberg as indorser of a check in settlement of the action, without Friedenberg's knowledge or consent, and thereafter received the proceeds for his use and benefit; (8) On March 22, 1967 respondent defrauded an insurance carrier by submitting to it a false statement of his employment and of loss of earnings in support of his claim against an insured of the carrier; (9) In 1966, 1967 and 1968 respondent failed to deposit settlement moneys of contingent fee negligence cases in a special account; (10) On March 6, 1968 respondent gave false testimony before the Judicial Inquiry. In his answer to the petition, respondent admits that the allegations of misconduct contained in the petition are correct, but alleges that the allegations of fraud against him are false because he had the authority, consent and knowledge of Friedenberg at all times while acting under his name; however, in another part of his answer, respondent states that Friedenberg gave him permission to use Friedenberg's name as attorney only until respondent would be admitted to the Bar. While there is an issue of fact as to whether respondent was in fact never authorized to use Friedenberg's name as attorney (as petitioner claims), or whether he was authorized to use it only for the three months prior to respondent's admission to the Bar or during the entire time alleged in the petition (as respondent claims), that issue is presently immaterial in view of the serious charges of misconduct relating to other matters, which respondent in his answer has conceded to be true. These are that he (a) unlawfully practiced law for three months prior to his admission to the Bar; (b) forged Friedenberg's name to an affirmation submitted to a court in support of an application to compromise infants' claims; (c) defrauded an insurance carrier by submitting a false statement of his employment and of loss of earnings in support of his own claim against an insured of the carrier; (d) failed to deposit settlement moneys of contingent fee negligence cases in a special account; and (e) gave false testimony before the Judicial Inquiry. Respondent's admitted derelictions are sufficient to warrant disbarment; he is herewith disbarred and his name is accordingly ordered struck from the roll of attorneys, effective immediately. Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.